UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES RASO, TRUSTEE OF THE MASS. BRICKLAYERS & MASONS HEALTH & WELFARE, PENSION & ANNUITY FUNDS, <br><br> Plaintiff, <br><br> v. <br><br> PEGASUS & SONS MASONRY CO., INC. and PEGASUS, LLC, <br><br> Defendants, <br><br> and <br><br> BILT-RITE CONSTRUCTION, INC., <br><br> Reach and Apply Defendant. | Civil Action No. 15-10730-ADB |

MEMORANDUM AND ORDER

June 22, 2015

BURROUGHS, D.J.

## I. Introduction

In this case, the Trustee of the Massachusetts Bricklayers and Masons Health and Welfare Pension and Annuity Funds (the "Funds" or "Plaintiff"), seeks unpaid pension contributions under the Employee Retirement Income Security Act of 1974 ("ERISA") from Defendants, Pegasus & Sons Masonry Co., Inc. ("Pegasus Masonry") and Pegasus, LLC (collectively "Defendants").[1] Pegasus Masonry is the signatory to certain collective bargaining agreements requiring it to contribute to the Funds on behalf of participating employees. The

---

[1] Bilt-Rite Construction, Inc. is named as a Reach and Apply defendant but plays no role in this motion.

1

complaint alleges that Pegasus Masonry has not made payments required under the collective bargaining agreements since January 2011. Plaintiff brings this lawsuit to recover those allegedly unpaid contributions, and it also seeks enforcement of a 2012 default judgment issued in a separate case, Raso v. Pegasus & Sons Masonry Co., & Steve W. Wright, No. 12-10355-DPW, (D. Mass. July 31, 2012) (ECF No. 12, Default Judgment), against Pegasus Masonry and its owner, Steve W. Wright, for earlier unpaid pension contributions. The complaint further alleges that even though Pegasus, LLC is not a signatory to the collective bargaining agreements, it operates as the alter ego of Pegasus Masonry, and is thus liable for the previous judgment against Pegasus Masonry, as well as Pegasus Masonry's unpaid contributions accruing after January 2011.

Before the Court is Pegasus, LLC's Motion to Dismiss Count III of Plaintiff's complaint (as against Pegasus, LLC) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pegasus, LLC argues that the complaint does not sufficiently allege that it operates as the alter ego of Pegasus Masonry. For the reasons explained in this Memorandum and Order, Pegasus, LLC's motion to dismiss is DENIED without prejudice to renewal before trial.

## II. Summary of Relevant Factual Allegations

In its complaint [ECF No. 11], Plaintiff makes the following allegations relevant to this motion, which the Court accepts as true for purposes of a motion to dismiss.

Pegasus Masonry has a principal place of business at 31 Mora Street, Dorchester, Massachusetts [Id. ¶ 4]. Pegasus, LLC is a limited liability company that shares the same principal place of business as Pegasus Masonry, namely 31 Mora Street, and also performs the same type of general contracting business as Pegasus Masonry [Id. ¶ 22]. Steve W. Wright is the manager and sole owner of both Pegasus, LLC and Pegasus Masonry [Id. ¶ 19].

Pegasus Masonry was obligated by the terms of one or more collective bargaining agreements to make contributions to the Funds on behalf of certain employees [Id. ¶ 7]. Since 2014, employees of Pegasus Masonry have continued employment covered by the collective bargaining agreements at the St. Kevin's Residential project in Dorchester, Massachusetts ("the St. Kevin's Project") [Id. ¶ 8]. Pegasus Masonry, however, has failed to make required contributions to the Funds for that work [Id. ¶ 10].

Plaintiff further alleges that, upon information and belief, Pegasus Masonry has insufficient assets to satisfy its unpaid contributions accruing since January 2011, or to satisfy the prior outstanding judgment in Raso v. Pegasus & Sons Masonry Co., & Steve W. Wright, No. 12-10355-DPW [Id. ¶ 14].

### III. Discussion

#### A. Legal Standard – Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the light most favorable to the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). However, courts are not bound to accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, under the liberal notice pleading standard of Fed. R. Civ. P. 8(a)(2), a plaintiff is required to submit "a short and plain statement of the claim" in order to give the defendant "fair notice" of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although notice pleading does not require detailed factual allegations, "more than labels and conclusions" are required to survive a motion to dismiss. Id. at 555. Therefore, the facts alleged must "raise a right

to relief above the speculative level," and a "formulaic recitation of the elements of a cause of action" is not enough. Id.

### B. Plaintiff Has Stated a Plausible Claim for Alter Ego Liability

In an ERISA action, federal common law governs the alter ego analysis. United Elec., Radio & Machine Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1092 (1st Cir. 1992) ("United Elec."); see also Bhd. of Locomotive Eng'rs v. Springfield Terminal Ry. Co., 210 F.3d 18, 26 (1st Cir. 2000) ("If the federal statute in question demands national uniformity, federal common law provides the determinative rules of decision."). The First Circuit has held that the corporate form may be disregarded in certain ERISA actions for unpaid employee benefits. See Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 139 F.3d 304, 308 (1st Cir. 1998) ("[U]nderlying congressional policy behind ERISA clearly favors the disregard of the corporate entity in cases where employees are denied their pension benefits."); Pension Benefit Guar. Corp. v. Ouimet Corp., 711 F.2d 1085, 1093 (1st Cir. 1983) ("[C]oncerns for corporate separateness are secondary to what we view as the mandate of ERISA . . . ."). The alter ego doctrine can be applied to cases where a successor company is disguised as a continuance of the old employer, as well as to situations where two companies operate in parallel. See Belmont Concrete Corp., 139 F.3d at 307.

In determining whether a nonsignatory company is an alter ego of a signatory to a collective bargaining agreement, courts consider a variety of factors, including continuity of ownership, and similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus. Id. at 308. But "[n]o single factor is controlling, and all need not be present to support a finding of alter ego status." Id.; cf

N.L.R.B. v. Hospital San Rafael, Inc., 42 F.3d 45, 51 (1st Cir. 1994).[2] Further, although Pegasus, LLC argues that Plaintiff's complaint contains no allegations of fraud on the part of the Defendants, the First Circuit has held that in ERISA cases, wrongful motive or fraudulent intent is not required to impose alter ego liability. See Belmont Concrete Corp., 139 F.3d at 308-09; cf. Hospital San Rafael, 42 F.3d at 51.[3]

Thus, the legal standard for alter ego liability is flexible, and courts have emphasized that "the doctrine is a *tool* to be employed when the corporate shield, if respected, would inequitably prevent a party from receiving what is otherwise due and owing from the person or persons who have created the shield." Massachusetts Carpenters Cent. Collection Agency v. A.A. Bldg. Erectors, Inc., 343 F.3d 18, 21 (1st Cir. 2003) ("A.A. Bldg.") (emphasis in original); Bhd. of Locomotive Engineers, 210 F.3d at 26 (noting that alter ego analysis is "notably imprecise and fact-intensive . . . ."). Compare Belmont Concrete Corp., 139 F.3d at 308-09 (affirming district court's finding of alter ego liability in ERISA case, where defendant companies shared ownership, management, employees, business location, business purpose, and plaintiffs were unable to recover against defendant company that went out of business), with A.A. Bldg., 343 F.3d at 22 (affirming summary judgment for defendant in ERISA case, and holding that there were no equitable grounds to impose alter ego doctrine where (1) there was no evidence

---

[2] Although Hospital San Rafael is a collective bargaining case arising under federal labor law, the First Circuit noted in Belmont Concrete Corp. that when crafting a standard for alter ego liability in ERISA actions, it would borrow freely from alter ego jurisprudence developed in the context of labor cases. 139 F.3d at 308-09.

[3] Pegasus, LLC's reliance on My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968) is misplaced, where My Bread Baking Co. was decided under Massachusetts state law and was not an ERISA action. In ERISA cases, federal law controls.

companies deceived plaintiffs about the structure, ownership and relationship between companies and (2) plaintiffs did not receive less than that for which they bargained).

In the present case, although Pegasus Masonry and Pegasus, LLC are legally separate entities, and only Pegasus Masonry is a signatory to the collective bargaining agreement, Plaintiff alleges that they are both owned and managed by the same individual, operated out of the same building, and that the two companies conduct the same type of contracting business. [Id. ¶¶ 4, 18, 19, 21, 22]; see Belmont Concrete Corp., 139 F.3d at 308-09.

The facts alleged by Plaintiff indicate common ownership and shared location between Pegasus Masonry and Pegasus, LLC, and similarity of the two companies in terms of management, business purpose, and operation. See Belmont Concrete Corp., 139 F.3d at 308-09. A plaintiff need not allege all possible factors relevant to the alter ego analysis in order to withstand a motion to dismiss. See Lounge 22 v. Scales, 680 F.Supp.2d 343, 346 (D. Mass. 2010) (denying motion to dismiss alter ego liability claim, where plaintiff sufficiently alleged "several of the various factors the First Circuit has identified for considering whether to penetrate the corporate form"). Furthermore, accepting the facts alleged in Plaintiff's complaint as true and drawing all reasonable inferences in favor of Plaintiff, the allegations plausibly suggest potential inequities which may further support a finding of alter ego liability. See Belmont Concrete Corp., 139 F.3d at 308-09; A.A. Bldg., 343 F.3d at 22. In sum, the facts alleged in Plaintiff's complaint are sufficient to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 569; see Lounge 22, 680 F.Supp.2d at 346.

**IV. Conclusion**

For the above reasons, Pegasus, LLC's Motion to Dismiss [ECF No. 19] is DENIED without prejudice to renewal before trial.

**SO ORDERED.**

Dated: June 22, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE